# EXHIBIT 1

Michael E. Schwimer, Esq. (SBN 255567)
Mitch Rosensweig, Esq. (SBN 320480)
Julia M. Toscano, Esq. (SBN 326272)
**SCHWIMER WEINSTEIN LLP**
2665 Main Street, Suite 200
Santa Monica, CA 90405
Telephone: (310) 957-2700
Facsimile: (310) 957-2701

Attorneys for Plaintiff
ARNOLD VASQUEZ

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| ARNOLD VASQUEZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>MCLANE FOODSERVICE, INC., a Corporation and DOES 1 - 100, inclusive,<br><br>Defendants. | CASE NO.: 21STCV21204<br>Assigned to: Hon. Daniel S. Murphy<br>Department: 32<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1) **DISCRIMINATION BASED ON DISABILITY;**<br>2) **FAILURE TO PREVENT DISCRIMINATION;**<br>3) **FAILURE TO ACCOMMODATE AND ENGAGE IN A TIMELY, GOOD-FAITH INTERACTIVE PROCESS;**<br>4) **RETALIATION;**<br>5) **WRONGFUL AND TORTIOUS DISCHARGE;**<br>6) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

COMES NOW, Plaintiff ARNOLD VASQUEZ, who, by and through his attorney(s) of record, SCHWIMER WEINSTEIN LLP**,** for all causes of action as against MCLANE FOODSERVICE, INC. and DOES 1 through 50, inclusive, complains as follows:

## PLAINTIFF

1. At all times hereinafter mentioned, Plaintiff ARNOLD VASQUEZ (hereinafter referred to as "Plaintiff"), was and still is, a resident of the County of Riverside, State of California.

2. Plaintiff brings this action against Defendant MCLANE FOODSERVICE INC. and DOES

1

**FIRST AMENDED COMPLAINT**

1 to 100 (referred to collectively herein as "Defendants"), for economic, noneconomic, compensatory, prejudgment interest pursuant to Code of Civil Procedure §3291; equitable relief; costs; and reasonable attorneys' fees pursuant to Government Code §12965(b) and Code of Civil Procedure §1021.5, resulting from Defendants discriminating and retaliating against Plaintiff on the basis of his disability – both actual and perceived in violation of Government Code §§ 12940(a) (Government Code §§ 12940, *et seq*., shall be referred to hereinafter as "FEHA"); failure to prevent the discrimination in violation of Government Code §12940(k); wrongful and tortious discharge in violation of public policy as codified by Government Code §12920; and intentional infliction of emotional distress.

## DEFENDANTS

3.  Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant MCLANE FOODSERVICE, INC., was and is authorized to do business in the State of California.

4.  Plaintiff further alleges that MCLANE FOODSERVICE, INC. and/or DOE Defendants 1 to 100, and each of them, were the employer and/or joint-employers of Plaintiff at all relevant times herein.

5.  The true names and capacities of DOES 1 through 100, inclusive, are unknown to Plaintiff who therefore sues said Defendants by fictitious names. When the true names and capacities of the Defendants are known, Plaintiff will seek leave to amend this Complaint. Plaintiff is informed and believes and thereon alleges that such Defendants, and each of them, took some part in the acts and omissions alleged herein, and, as a direct and proximate result thereof, have incurred liability to Plaintiff for the relief prayed for herein. Each non-specific reference in this Complaint to "Defendant" or "Defendants" also refers to all Defendants sued under such fictitious names.

6.  At all times hereinafter mentioned, Plaintiff will show, according to proof, that Defendants were, and remain, the alter egos, successors, and/or successors in interest, of the remaining Defendants.

7.  As to "alter ego liability" Defendants, it is alleged, upon information and belief, that as to those Defendants, that at all times there existed such a unity of interest and ownership among those Defendants such that any separateness ceased to exist that one was a mere shell or instrumentality through which the other carried out their business and that each Defendants exercised such complete control over

the other and so dominated it to achieve individual goals and so ignored business formalities that any separateness was merely a fiction, and did not in fact exist, and should be deemed not to exist, and as such, if acts are alleged as against one Defendants in this complaint, it is alleged that that Defendant acted for itself as well as on behalf of its alter egos. Among other things, those Defendants did one or more of the following acts supporting its alter ego liability: (1) commingled corporate funds; (2) failed to observe corporate formalities including maintaining minutes and failure to contribute sufficient capital; (3) commingled funds or other assets; (4) used corporate funds for something other than corporate uses; (5) failed to maintain adequate corporate records; (6) deliberately confused the records of the separate entities; (7) had the same directors and officers of the two or more corporations; (8) used the same office or business location; (9) utilized the same employees and/or attorney; (10) failed to adequately capitalize the corporation; (11) used the corporation as a mere shell, instrumentality or conduit for a single venture; (12) failed to maintain an arm's length relationship among related entities; and/or (13) used a corporate entity to procure labor, services or merchandise for another entity.  Moreover, injustice would result but for the finding of alter ego liability as to these Defendants, and as such this Court should pierce the corporate veil.  Further, since alter ego applies here, a corporation's shareholders are treated as "partners" and are held jointly and severally liable for its debts and ownership of one share is sufficient to impose alter ego liability, and it is thus alleged, upon information and belief, that various Defendants as alter egos, are also active shareholders in the remaining Defendants, influenced and governed the remaining corporate Defendants and as such can, and should, be held liable as an alter ego of each and every remaining Defendant.

8. At all times herein mentioned, each of the Defendants was the agent, servant, employee, and joint venturer of each of the remaining Defendants and at all times alleged hereinafter mentioned, Defendants were acting within the purpose and scope of said agency, employment, and joint venture, and each Defendant has ratified and approved the acts of the remaining Defendants.  As a result of these relationships between Defendants, any Defendants who employ, control, and/or benefit from the actions of other Defendants are vicariously liable for all acts committed within the course and scope of employment under the theory of respondeat superior.

9. To the extent a corporate Defendant, it is believed that any such Defendant's corporate

3
**FIRST AMENDED COMPLAINT**

officers and directors ratified and approved any wrongful conduct alleged in this complaint or were directly responsible for perpetrating such conduct.

### PROCEDURAL ALLEGATIONS

10. The amount of damages sought by Plaintiff against Defendants, and each of them, herein exceeds the minimum jurisdictional limits of this Court. Furthermore, on or about May 18, 2020, Plaintiff filed a complaint with the Department of Fair Employment & Housing against Defendant MCLANE FOODSERVICE INC. for the herein complained of violations of FEHA and obtained an immediate notice of Right-to-Sue said Defendants on or about the same date.

### COMMON FACTUAL ALLEGATIONS

11. Plaintiff began his employment with MCLANE FOODSERVICE, INC., a wholesale food distributor, in or around March 2019.

12. At all times relevant, Plaintiff performed his job duties in a professional and exemplary manner.

13. At all times relevant, Defendants were and are "Employers" as defined by Government Code §12926.

14. During the course of his employment, Plaintiff became injured and/or disabled due to conditions in his work environment. Plaintiff informed Defendants of his injury, disability, and/or medical condition, and requested accommodations for the same. Shortly thereafter, Defendants terminated Plaintiff's employment as a result of his injury, disability, and/or medical condition without engaging in an interactive process or attempting to accommodate Plaintiff's injury, disability, and/or medical condition.

15. Defendants' conduct was committed with malice within the meaning of Civ. Code § 3294, including but not limited to, Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff, by terminating Plaintiff's employment and/or taking adverse employment actions against Plaintiff because of his injury, disability, and/or medical condition. Defendants' conduct was committed in willful and conscious disregard for Plaintiff's rights, health, and safety, including Plaintiff's right to be free from discrimination, harassment, retaliation, and wrongful termination in his employment.

16. In addition, and/or in the alternative, Defendants' conduct was committed with oppression within the meaning of Civ. Code § 3294, including but not limited to, Defendants' actions against Plaintiff because of his injury, disability, and/or medical condition subjected Plaintiff to cruel and unjust hardship, in knowing disregard for Plaintiff's right to be free from discrimination, harassment, retaliation, and wrongful termination in his employment.

## FIRST CAUSE OF ACTION

DISCRIMINATION BASED ON DISABILITY

IN VIOLATION OF CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT

(Against All Defendants and Does 1 - 100)

17. Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 16 and incorporates each by reference as though set forth in full herein.

18. At all relevant times mentioned herein FEHA was in full force and effect. Government Code §12940(a) prohibits an employer, such as Defendants from discriminating against its employees in compensation, or in terms, conditions, or privileges of employment on the basis of disability. At all relevant times mentioned herein, Plaintiff was a member of a protected class of persons under Government Code §12940, *et seq*. Nonetheless, at all relevant times mentioned herein, Defendants, and each of them, by and through the acts of their managing employees, with the knowing approval, consent and/or ratification of Defendants, and each of them, discriminated against Plaintiff by taking adverse employment actions against him and by terminating his employment because of his disability – both actual and perceived.

19. Plaintiff is informed and believes and thereon alleges that his disability – both actual and perceived – was a motivating factor in the discriminatory conduct by Defendants, and each of them, against him. Accordingly, the employment practices of Defendants, and each of them, as herein alleged, were in violation of, *inter alia*, Government Code, §12940(a).

20. As a direct, foreseeable, legal and proximate result of the discriminatory acts of Defendants, and each of them, carried forth by and through their managing employees and agents, Plaintiff has suffered and continues to suffer, substantial losses in earnings and job benefits as well as mental and emotional distress and discomfort, all to her damage in an amount which will be proven at trial. As a

further direct, foreseeable, legal and proximate result of the discriminatory acts by Defendants, and each of them, as herein alleged, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code §12965(b), in an amount to be proven at trial.

21.  The conduct of Defendants, and each of them, described herein was done and is being done with willful and conscious disregard of Plaintiff's known rights, with reckless disregard of Plaintiff's health and safety and with the intent to vex, injure and annoy Plaintiff, such as to constitute oppression, fraud, or malice under Civ. Code § 3294.  Defendants' acts and omissions constituted an intentional abuse of their authority over Plaintiff.  Plaintiff is thus entitled to an award of punitive damages in an amount appropriate to punish and make an example of Defendants.

## SECOND CAUSE OF ACTION

FAILURE TO PREVENT DISCRIMINATION

IN VIOLATION OF CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT

(Against All Defendants and DOES 1 to 100)

22.  Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 21 and incorporates each by reference as though set forth in full herein.

23.  During his employment, Defendants, and each of them, by and through their managing employees and agents with the consent, authorization and/or ratification by Defendants, and each of them, discriminated against Plaintiff because of his disability – known and perceived – and his need and/or requests for reasonable accommodations.  Additionally, Defendants, and each of them, failed to take reasonable steps to prevent the discrimination Plaintiff was subjected to, ratifying it instead by *inter alia* terminating his employment.  Therefore, by failing to take reasonable steps to prevent the herein alleged acts of discrimination, by failing to undertake any prompt and adequate investigation concerning the unlawful discrimination, and by failing to take any action in response to said conduct, Defendants, and each of them, violated Government Code §12940(k).

24.  As a direct, foreseeable, legal and proximate result of the failures to act by Defendants, and each of them, as herein alleged, Plaintiff has suffered and continues to suffer, substantial losses in earnings and job benefits, emotional distress, mental anguish and discomfort, as well as severe anxiety,

trepidation, apprehension, panic, dread, fear and worry all to his damage in an amount which will be proven at trial. As a further direct, foreseeable, legal and proximate result of the failures to act by Defendants, and each of them, Plaintiff has also had to retain attorneys, thereby incurring legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code § 12965(b), in an amount to be proven at trial.

25. Moreover, despite knowing of the discriminatory conduct carried out against Plaintiff, Defendants, and each of them, oppressively, fraudulently, maliciously and in conscious disregard for the rights and safety of Plaintiff, failed to prevent such conduct. The conduct of Defendants, and each of them, described herein was done and is being done with willful and conscious disregard of Plaintiff's known rights, with reckless disregard of Plaintiff's health and safety and with the intent to vex, injure and annoy Plaintiff, such as to constitute oppression, fraud, or malice under Civ. Code § 3294. Defendants' acts and omissions constituted an intentional abuse of their authority over Plaintiff. Plaintiff is thus entitled to an award of punitive damages in an amount appropriate to punish and make an example of Defendants.

## THIRD CAUSE OF ACTION

FAILURE TO ACCOMMODATE

AND ENGAGE IN THE TIMELY GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF

CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT

(Against All Defendants and Does 1 to 100)

1. Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 25 and incorporates each by reference as though set forth in full herein.

2. Plaintiff had a serious disability which limited at least one of his major life activities, as herein alleged. Plaintiff's disability further necessitated the need for working accommodations while he received necessary medical treatment. Defendants, and each of them, were aware of Plaintiff's disability and needs since he had informed them of the same. Under Government Code § 12940(n), once Defendants, and each of them learned of Plaintiff's disability and need for accommodations, they were required to engage in a timely good faith interactive process to identify the most effective accommodations available. Under Government Code §12940(m), Defendants, and each of them, were required to furnish

Plaintiff with all available reasonable accommodations.

3. Plaintiff is informed and believes and thereon alleges that the reasonable accommodations necessitated by his disability would not have created an undue hardship upon Defendants, and each of them, nor would said accommodations have adversely impacted, in any way, the operation of the business of Defendants, and each of them. In fact, Plaintiff has been informed and believes and thereon alleges that said accommodations were readily available.

4. Had Defendants, and each of them, furnished Plaintiff with reasonable accommodations for his disabilities, he would have been able to continue working and performing the essential functions of his employment duties without endangering himself or any other person. However, Defendants, and each of them, violated the mandates of Government Code §§ 12940(m) and 12940(n) when they failed to engage Plaintiff in a timely, good faith, interactive process so that the most effective available accommodations could be identified; refused to accommodate Plaintiff; and terminated Plaintiff's employment.

5. As a direct, foreseeable, legal and proximate result of the discriminatory acts by Defendants, and each of them, carried forth by and through their managing employees and agents, Plaintiff suffered and continues to suffer substantial losses in earnings and job benefits, emotional distress, mental anguish and discomfort, and severe anxiety, trepidation, apprehension, panic, dread, fear and worry, all to his damage in an amount to be proven at trial. As a further direct, foreseeable, legal and proximate result of the discriminatory acts of Defendants, and each of them, carried forth by and through their managing employees and agents, as herein alleged, Plaintiff has also had to retain attorneys, thereby incurring legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code §12965(b), in an amount to be proven.

6. The conduct of Defendants, and each of them, described herein was done and is being done with willful and conscious disregard of Plaintiff's known rights, with reckless disregard of Plaintiff's health and safety and with the intent to vex, injure and annoy Plaintiff, such as to constitute oppression, fraud, or malice under Civ. Code § 3294. Defendants' acts and omissions constituted an intentional abuse of their authority over Plaintiff. Plaintiff is thus entitled to an award of punitive damages in an amount appropriate to punish and make an example of Defendants.

8

**FIRST AMENDED COMPLAINT**

**FOURTH CAUSE OF ACTION**

RETALIATION IN VIOLATION OF

CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT

(Against All Defendants and Does 1 - 100)

7. Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 31 and incorporates each by reference as though set forth in full herein.

8. At all relevant times mentioned herein, Plaintiff was a member of a protected class. On information and belief, after discovery Plaintiff's disability – both actual and perceived, and/or upon Plaintiff's refusal to conform to the unlawful and discriminatory requirements of Defendants, Defendants took adverse employment actions against Plaintiff and/or terminated Plaintiff's employment.

9. Plaintiff is informed and believes and thereon alleges that his disability – both actual and perceived – were substantial and motivating factors in the decision to terminate Plaintiff's employment as herein alleged. As such, the wrongful conduct of Defendants constitutes an unlawful, retaliatory employment practice in violation of Government Code §§ 12940(h), 12945 and 12945.2.

10. As a direct foreseeable legal and proximate result of the discriminatory and retaliatory actions of Defendants as herein alleged, Plaintiff has suffered and continues to suffer, substantial losses in earnings and job benefits, emotional distress, mental anguish and discomfort, and severe anxiety, trepidation, apprehension, panic, dread, fear and worry, all to his damage in an amount which will be proven at trial. As a further direct, foreseeable, legal and proximate result of the discriminatory and retaliatory conduct of Defendants, and each of them, as herein alleged, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to Government Code §12965(b), in an amount to be proven at the time of trial.

11. The conduct of Defendants, and each of them, described herein was done and is being done with willful and conscious disregard of Plaintiff's known rights, with reckless disregard of Plaintiff's health and safety and with the intent to vex, injure and annoy Plaintiff, such as to constitute oppression, fraud, or malice under Civ. Code § 3294. Defendants' acts and omissions constituted an intentional abuse of their authority over Plaintiff. Plaintiff is thus entitled to an award of punitive damages in an amount appropriate to punish and make an example of Defendants.

# FIFTH CAUSE OF ACTION

WRONGFUL AND TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY

(Against All Defendants and Does 1 - 100)

12. Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 36 and incorporates each by reference as though set forth in full herein.

13. By terminating Plaintiff's employment, as herein set forth, Defendants, and each of them, by and through their managing employees and agents, violated the fundamental public policies of the State of California embodied in, *inter alia*, FEHA, as codified by Government Code §12900 *et seq*. and the California Constitution. Section 12920 delineates the policy of this State to be the protection and safeguarding of the right and opportunity of all persons to seek, obtain and hold employment without discrimination on the basis of disability. By terminating Plaintiff's employment, in the manner herein described, Defendants, and each of them, violated fundamental public policies of this State.

14. As a direct foreseeable, legal and proximate result of the discriminatory acts of Defendants, and each of them, carried forth by and through their managing employees and agents, as herein alleged, Plaintiff has suffered and continues to suffer, substantial losses in earnings and job benefits, emotional distress, mental anguish and discomfort, and severe anxiety, trepidation, apprehension, panic, dread, fear and worry, all to his damage in an amount which will be proven at trial. As a further direct, foreseeable, legal and proximate result of the discriminatory acts of Defendants, and each of them, carried forth by and through their managing employees and agents, as herein described, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to California Code of Civil Procedure §1021.5, in an amount to be proven at the time of trial.

15. The conduct of Defendants, and each of them, described herein was done and is being done with willful and conscious disregard of Plaintiff's known rights, with reckless disregard of Plaintiff's health and safety and with the intent to vex, injure and annoy Plaintiff, such as to constitute oppression, fraud, or malice under Civ. Code § 3294. Defendants' acts and omissions constituted an intentional abuse of their authority over Plaintiff. Plaintiff is thus entitled to an award of punitive damages in an amount appropriate to punish and make an example of Defendants.

///

## SIXTH CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants and Does 1 – 100)

16. Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 40 and incorporate each by reference as though set forth in full herein.

17. According to Government Code §12940(a), freedom from discrimination in the workplace is a civil right, thus entitling Plaintiff to a greater degree of protection than if he were a stranger to Defendants, and each of them. In this matter, Defendants, and each of them, violated Government Code §12940 *et seq*., by refusing to furnish Plaintiff with reasonable accommodations, even though said accommodations were available. Defendants, and each of them, further failed to engage Plaintiff in a timely good faith interactive process before illegally terminating his employment because of hid disabilities – perceived or otherwise – and his need and/or requests for reasonable accommodations, thereby causing Plaintiff to suffer severe emotional distress, anxiety, worry, stress, fear, apprehension and trepidation.

18. The aforesaid conduct was carried out by Defendants, and each of them, through the acts and/or omissions of their managing employees and agents, while in the course and scope of their employment and with the express and/or implied consent, approval, authority and/or ratification of Defendants, and each of them. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knew, must have known, should have known, or had reason to know that their conduct and/or actions, as herein set forth, were substantially certain to inflict severe emotional distress upon Plaintiff. Defendants, and each of them, therefore wrongfully, willfully and/or intentionally sought to inflict severe emotional distress upon Plaintiff through the discriminatory and retaliatory conduct herein described. As such, the conduct of Defendants, and each of them, as herein alleged, was intentional, malicious and carried out with a deliberate, conscious and/or reckless disregard of the high degree of probability that such conduct would inflict severe emotional distress upon Plaintiff.

19. The wrongful, unlawful, discriminatory, and retaliatory practices and other misconduct set forth herein, committed by Defendants, and each of them, by and through their managing employees and agents, with their prior consent, authority and/or ratification, as herein alleged, was so extreme and

11

**FIRST AMENDED COMPLAINT**

outrageous that it exceeded the boundaries of a decent society and lies outside the compensation bargain. (*See Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563, 577; *Livitsanos v. Sup. Ct.* (1992) 2 Cal.4th 744, 754.)  As such, Plaintiff's claims herein are not subject to the workers' compensation exclusivity rule.

20.  As a direct, foreseeable, legal and proximate result of the intentional, willful, deliberate conduct of Defendants, and each of them, as herein alleged, Plaintiff has suffered and continues to suffer, severe emotional distress, mental anguish and discomfort, and severe anxiety, trepidation, apprehension, panic, dread, fear and worry, all to his damage in an amount which will be proven at trial.

21.  The conduct of Defendants, and each of them, described herein was done and is being done with willful and conscious disregard of Plaintiff's known rights, with reckless disregard of Plaintiff's health and safety and with the intent to vex, injure and annoy Plaintiff, such as to constitute oppression, fraud, or malice under Civ. Code § 3294.  Defendants' acts and omissions constituted an intentional abuse of their authority over Plaintiff.  Plaintiff is thus entitled to an award of punitive damages in an amount appropriate to punish and make an example of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, for Causes of Action One through Four, Plaintiff, ARNOLD VASQUEZ, hereby demands judgment as follows:

1. For economic and non-economic damages;
2. For pre-judgment interest at the maximum legal rate;
3. For punitive damages according to proof;
4. For reasonable attorneys' fees pursuant to California law, including, but not limited to Government Code §12965(b);
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court may deem just and proper.

WHEREFORE, for the Fifth Cause of Action, Plaintiff, ARNOLD VASQUEZ, hereby demands judgment as follows:

1. For economic and non-economic damages;
2. For pre-judgment interest at the maximum legal rate;

3. For punitive damages according to proof;

4. For reasonable attorneys' fees pursuant to California law;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

WHEREFORE, for the Sixth Cause of Action, Plaintiff, ARNOLD VASQUEZ, hereby demands judgment as follows:

1. For economic and non-economic damages;

2. For pre-judgment interest at the maximum legal rate;

3. For punitive damages according to proof;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated:  October 7, 2021                                SCHWIMER WEINSTEIN LLP

_____
Julia M. Toscano, Esq.
Mitch Rosensweig, Esq.
Michael E. Schwimer, Esq.
Attorneys for Plaintiff
ARNOLD VASQUEZ

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues and causes of action.

Dated:  October 7, 2021                                SCHWIMER WEINSTEIN LLP

_____
Julia M. Toscano, Esq.
Mitch Rosensweig, Esq.
Michael E. Schwimer, Esq.
Attorneys for Plaintiff
ARNOLD VASQUEZ

**PROOF OF SERVICE -- §1013a CODE OF CIVIL PROCEDURE,**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 2665 Main St., Suite 200, Santa Monica, CA 90405.

On October 7, 2021, I served the foregoing document described as **FIRST AMENDED COMPLAINT FOR: 1) DISCRIMINATION BASED ON DISABILITY; 2) FAILURE TO PREVENT DISCRIMINATION; 3) FAILURE TO ACCOMMODATE AND ENGAGE IN A TIMELY, GOOD-FAITH INTERACTIVE PROCESS; 4) RETALIATION; 5) WRONGFUL AND TORTIOUS DISCHARGE; 6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**, on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Ashley Dorris Egerer, Esq.<br>Jessica Farley, Esq.<br>Megan McMahon, Esq.<br>**SNYDER BURNETT EGER LLP**<br>5383 Hollister Avenue, Suite 240<br>Santa Barbara, California 93111<br>Telephone: (805) 692-2800<br>Facsimile: (805)692-2801<br>E-mail: aegerer@sbelaw.com<br>E-mail: jfarley@sbelaw.com<br>E-mail: mmcmahon@sbelaw.com<br>E-mail: abenson@sbelaw.com | Attorneys for Defendants,<br>MCLANE FOODSERVICE, INC. |

☐ **By Mail:** I caused such envelope to be deposited in the mail at Santa Monica, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **By Email**: I caused such document to be transmitted via electronic mail to the e-mail address set forth on the attached service list on this date before 5:00 p.m.

☒ **State**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 7, 2021, at Santa Monica, California.

_____
Marisol Valdez

1
**PROOF OF SERVICE**