UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-9952-MWF (KSx)             **Date:**  March 8, 2022
**Title:**  Arnold Vasquez v. McLane Foodservice, Inc.

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Amy Diaz |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER DENYING PLAINTIFF'S MOTION TO REMAND; REQUEST FOR ATTORNEY'S FEES AS MONETARY SANCTIONS IN THE AMOUNT OF $6,300.00 [9]

      Before the Court is Plaintiff's Motion to Remand; Request for Attorney's Fees as Monetary Sanctions in the Amount of $6,300.00 (the "Motion"), filed on January 26, 2022.  (Docket No. 9).  Defendant McLane Foodservice, Inc. ("McLane") filed an Opposition on February 7, 2022.  (Docket No. 13).  Plaintiff filed a Reply on February 14, 2022.  (Docket No. 14).

      The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on **February 28, 2022** pursuant to General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

      For the following reasons, the Motion is **DENIED**.  Defendant's removal was timely given that unequivocally clear and certain grounds to remove did not appear until December 17, 2021, when Plaintiff specified an amount of damages sought.

**I.  BACKGROUND**

      This action was removed from Los Angeles Superior Court on December 27, 2021.  (*See* Docket No. 1 ("NoR")).  Plaintiff previously filed a First Amended Complaint ("FAC") on October 7, 2021.  (*See* Docket No. 1-1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-9952-MWF (KSx)                **Date:**  March 8, 2022
**Title:**      Arnold Vasquez v. McLane Foodservice, Inc.

    Plaintiff alleges he was an employee of Defendant starting in approximately March 2019, and subsequently became injured during the course of his employment due to conditions at work.  (*See id*. ¶¶ 11–14).  Plaintiff further alleges that Defendant fired him as a result of his injury without attempting to accommodate Plaintiff or engaging in an interactive process.  (*See id*. ¶ 14).

    The FAC brings causes of action for disability discrimination, failure to prevent discrimination, and failure to accommodate a disability and engage in an interactive process in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 *et seq*., retaliation, wrongful termination, and wrongful and tortious discharge in violation of public policy, and intentional infliction of emotional distress.  (*See id*. at 5–12).

    Plaintiff prays for relief in the form of economic and non-economic damages, interest, punitive damages, attorneys' fees, and costs of suit.  (*See id*. at 12–13).  The FAC does not state a specific amount of damages.  (*See id*.).

    Defendant removed the action on December 27, 2021, after receipt of Plaintiff's written discovery responses, which Defendant states first provided notice that Plaintiff sought in excess of $75,000 in damages.  (*See* Motion at 9–10).

## II.   DISCUSSION

    Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states.

    Removal of civil suits is governed by 28 U.S.C. § 1446, which requires that a notice of removal be filed within 30 days after a defendant receives the initial pleading or the service of summons, whichever is shorter.  *See* 28 U.S.C. § 1446(b).  A case may also be removed within 30 days after a defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *See id*. at (b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-9952-MWF (KSx)            **Date:** March 8, 2022
**Title:** Arnold Vasquez v. McLane Foodservice, Inc.

      Plaintiff contends that Defendant's removal was untimely, as Defendant should have known from the Complaint that the amount in controversy exceeded $75,000. (*See* Motion at 10). More specifically, Plaintiff argues that Defendant was on notice given that Plaintiff's back wages alone would amount to $89,280.00, Plaintiff would be entitled to attorney's fees pursuant to FEHA in likely excess of $75,000, and Plaintiff is seeking punitive damages. (*See id*. at 14–17).

      At the hearing, Plaintiff argued that because punitive damages and attorneys' fees may be considered in calculating total damages, the Complaint adequately set forth enough damages that Defendant should have been on notice of removability. (*See also id*.). Defendant argued that the cases Plaintiff cited related to the sufficiency of the amount in controversy and not grounds for removal.

      "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

      Recently, the Ninth Circuit clarified the holding in *Harris*. In *Dietrich v. Boeing Co*., the Ninth Circuit ruled that the time to remove after receipt of another paper under 28 U.S.C. § 1446(b)(3) starts when "a paper makes a ground for removal 'unequivocally clear and certain.'" 14 F.4th 1089, 1091 (9th Cir. 2021). *Dietrich* held that Boeing's grounds for removal were not "unequivocally clear and certain" until the plaintiff identified, via an amended discovery response, grounds for removal under the federal officer removal statute, as the information available to Boeing prior to the discovery was "ambiguous or misleading" as to whether there were grounds to remove. *Id*. at 1095.

      Additionally, the Ninth Circuit noted two cases, from the First and Second Circuits, both requiring that damages be explicitly stated in order to support removal under diversity jurisdiction. *See id*. at 1093 (citing *Romulus v. CVS Pharm., Inc.*, 770 F.3d 67, 75 (1st Cir. 2014) and *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-9952-MWF (KSx) | **Date:** March 8, 2022 |
| **Title:** Arnold Vasquez v. McLane Foodservice, Inc. | |

Defendant emphasized the Ninth Circuit's reliance on these two cases at the hearing. The Ninth Circuit summarized *Romulus* as "requiring 'a clear statement of the damages sought or . . . [a] paper set[ting] forth sufficient facts from which the amount in controversy can be easily ascertained by the defendant by simple calculation.'" *Id.* (quoting *Romulus*, 770 F.3d at 75) (modifications in original). Defendant also emphasized that *Dietrich* summarizes *Moltner* as "requiring 'a paper that explicitly specifies the amount of monetary damages sought' for removal based on diversity jurisdiction." *Id.* (quoting *Moltner*, 624 F.3d at 38).

The "unequivocally clear and certain" standard aims to "'bring[] certainty and predictability to the process' of removals by its very name, requiring a basis for removal to be unequivocally clear and certain." *Id.* at 1094 (quoting *Harris*, 425 F.3d at 697). The bright line rule seeks to "prevent[] cases exactly like the one we confront today, in which the parties are litigating what Boeing should have known and when it should have known it." *Id.*

Plaintiff's position here accordingly appears to be at odds with the law of the Ninth Circuit. Neither the Complaint nor FAC specify an amount of damages sought. It was not until December 17, 2021, when Plaintiff propounded verified interrogatory responses seeking $83,520 in lost earnings and $15,000 for financial hardship, *see* Opposition at 7, that there was an "unequivocally clear and certain" ground for removal under diversity jurisdiction, *Boeing*, 14 F.4th at 1094. Under this standard, Defendant's removal was clearly timely given that only ten days passed between receipt of the paper containing the unequivocal ground for removal and Defendant removing the case. *Cf. id.* at 1095; *see also* 28 U.S.C. § 1446(b)(3).

As stated at the hearing, the purpose of the "unequivocally clear and certain" standard set forth in *Dietrich* appears to be designed to prevent exactly this situation, as district courts would otherwise be required to conduct an extensive investigation into what the defendant knew, when the defendant knew it, and what the defendant should have known in order to determine whether removal was proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-9952-MWF (KSx) | **Date:** March 8, 2022 |
| **Title:** Arnold Vasquez v. McLane Foodservice, Inc. | |

    The Motion is therefore **DENIED**. Defendant's removal was timely given that unequivocally clear and certain grounds to remove did not appear until December 17, 2021, when Plaintiff specified an amount of damages sought.

    IT IS SO ORDERED.